FILED

2016 AUG -9  PM 5: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| UNITED STATES OF AMERICA, | No. **CR16- 0538** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1014: False Statements in Loan and Credit Applications; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 2: Aiding and Abetting and Causing An Act To Be Done; 18 U.S.C. §§ 981, 982, 1028(b)(5); 28 U.S.C. § 2461: Criminal Forfeiture] |
| DOROTHY MATSUBA, aka "Yun Matsuba," aka "Yum Matsuba," aka "Yunsoon Matsuba," aka "Mayumi Matsuba," YOUNG PARK, aka "Dane Park," JANE MATSUBA-GARCIA, aka "Jane Garcia," aka "Jane Park," aka "Lucy Vanalden," aka "Gabby Charis," JAMIE MATSUBA, aka "Jamie Michaels," aka "Jamie Yukari," and THOMAS MATSUBA, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

DEFENDANTS

1.   Defendant DOROTHY MATSUBA, also known as ("aka") "Yun Matsuba," aka "Yum Matsuba," aka "Yunsoon Matsuba," aka "Mayumi Matsuba" (hereinafter "DOROTHY MATSUBA"), was a resident of Los Angeles County, within the Central District of California. In or about 1999, defendant DOROTHY MATSUBA founded a real estate-related business under the name Creative Group Resource, LLC, and later founded and operated Owner Management Service, LLC, dba Trust Holding Service Co., Boston Holding Company, Bill Pay Service, POWER DOT.REALESTATE GROUP, Inc., and Westside Servicing Co.   Through these entities and her family members, defendant DOROTHY MATSUBA controlled every aspect of the offenses as detailed herein.

2.   Defendant YOUNG PARK, aka "Dane Park" (hereinafter "YOUNG PARK"), is the brother of defendant DOROTHY MATSUBA and was a resident of Los Angeles County, within the Central District of California. From in or about 2005 through in or about 2009, defendant YOUNG PARK was an employee of Trust Holding Service.   His duties included assisting in the property management department and marketing and client development efforts.

3.   Defendant JANE MATSUBA-GARCIA, aka "Jane Garcia," aka "Jane Park," aka "Lucy Vanalden," aka "Gabby Charis" (hereinafter "JANE MATSUBA"), is the older daughter of

2

defendants DOROTHY MATSUBA and THOMAS MATSUBA and was a resident of Los Angeles County, within the Central District of California. From in or around 2005 through in or around 2011, and through occasional involvement thereafter, defendant JANE MATSUBA was an employee and officer of Trust Holding Service, and from in or around 2008 through 2011, was head of its so-called "Short Sale Department." From in or around 2008 through 2009, defendant JANE MATSUBA was an officer of Owner Management Service, LLC.

4.    Defendant JAMIE MATSUBA, aka "Jamie Michaels," aka "Jamie Yukari" (hereinafter "JAMIE MATSUBA"), is the younger daughter of defendants DOROTHY MATSUBA and THOMAS MATSUBA and was a resident of Los Angeles County, within the Central District of California. From in or around 2003 through in or around 2015, defendant JAMIE MATSUBA was an employee and officer of Trust Holding Service. From in or around 2008 through 2014, defendant JAMIE MATSUBA was an officer of Ramsfire Global, LLC. From in or around 2011 through in or around 2014, defendant JAMIE MATSUBA was an officer of Ramsfire Equity Partners, Inc. From in or around 2008 through in or around 2009, in or around 2010 through in or around 2012, and in or around 2014 through in or around 2015, defendant JAMIE MATSUBA helped lead the Trust Holding Service's so-called "Property Management Department."

5.    Defendant THOMAS MATSUBA was the husband of defendant DOROTHY MATSUBA and a resident of Los Angeles County, within the Central District of California. He was the primary finance manager for the OMS Companies and as detailed below controlled other entities instrumental in the alleged offenses. From in or

1  around 2008 through in or around 2015, defendant THOMAS MATSUBA
2  was an officer and member of Ramsfire Global, LLC. From in or
3  around 2011 through in or around 2012, defendant THOMAS MATSUBA
4  was an officer of Owner Management Service, LLC.
5          MATSUBA-CONTROLLED COMPANIES
6          6.    The defendants used a variety of affiliated companies
7  to carry out the offenses described herein. The defendants were
8  officers, members, or owners of these various affiliated
9  companies and their dbas, predecessors, and successors, which
10 included the following entities:
11              a.    Creative Group Resource, LLC. On or about January
12 20, 1999, Creative Group Resource, LLC, was registered in
13 California, identifying its agent as defendant DOROTHY MATSUBA.
14 On or about April 2, 2003, Creative Group Resource, LLC,
15 identified its managers as defendant JANE MATSUBA and R.G.
16              b.    Ramsfire Equity Partners, Inc. On or about
17 December 23, 2003, Ramsfire Equity Partners, Inc., was
18 registered in Nevada. Beginning on or about September 16, 2008,
19 through in or about 2015, defendants JAMIE MATSUBA and THOMAS
20 MATSUBA served as officers of Ramsfire Equity Partners, Inc.
21              c.    Ramsfire Global, LLC, dba OMS, LLC. On or about
22 December 23, 2003, Ramsfire Global, LLC, was registered in
23 Nevada, and identified its member as Ramsfire Equity Partners,
24 Inc. Defendants JANE MATSUBA and THOMAS MATSUBA, beginning in or
25 around December 2008, and defendant JAMIE MATSUBA, beginning in
26 or around November 2010, served as officers of Ramsfire Global,
27 LLC. On or about January 30, 2012, approximately 21 days after
28 Owner Management Service, LLC, filed bankruptcy, defendant JAMIE

4

1  MATSUBA amended Ramsfire Global, LLC's Articles of Organization
2  to change its name to OMS, LLC. On or about March 9, 2012, OMS,
3  LLC, filed an application to register OMS, LLC, as a foreign
4  corporation operating in California under the name OMS Global,
5  LLC.

6          d.    Westside Servicing Company. On or about October
7  29, 2003, defendant JANE MATSUBA registered Westside Servicing
8  Company in Nevada. Defendant JANE MATSUBA, beginning in or
9  around 2003, defendant THOMAS MATSUBA, beginning in or around
10 December 2008, and defendant JAMIE MATSUBA, beginning in or
11 around December 2009, served as officers for Westside Servicing
12 Company.

13         e.    Owner Management Service, LLC. On or about
14 November 19, 2008, defendants DOROTHY MATSUBA and JANE MATSUBA
15 registered Owner Management Service, LLC, in Nevada. On or about
16 July 21, 2009, Owner Management Service, LLC, filed an
17 application to register as a foreign company in California.

18         f.    Boston Holding Company. On or about May 14, 2004,
19 defendant DOROTHY MATSUBA registered Boston Holding Company in
20 California as a fictitious business name for defendant DOROTHY
21 MATSUBA. On or about October 29, 2008, Boston Holding Company
22 was registered in California as a fictitious business name for
23 Owner Management Service, LLC.

24         g.    Trust Holding Service Co. On or about March 9,
25 2007, defendant DOROTHY MATSUBA registered Trust Holding Service
26 Co. in California as a fictitious business name for defendant
27 DOROTHY MATSUBA. On or about July 25, 2008, defendant DOROTHY

MATSUBA registered Trust Holding Service Co. in California as a fictitious business name for Owner Management Service, LLC.

        h.    POWER DOT.REALESTATE GROUP, Inc. On or about March 22, 2010, POWER DOT.REALESTATE GROUP, Inc., dba Power Dot Realty was registered in California, with the registered agent as defendant DOROTHY MATSUBA at the address 20960 Knapp St. #888, Chatsworth, CA 91311.

        i.    Bill Pay Service. On or about September 27, 2007, defendant JAMIE MATSUBA registered Bill Pay Service in California as a fictitious business name for defendant JAMIE MATSUBA. On or about October 29, 2008, defendant JAMIE MATSUBA registered Bill Pay Service in California as a fictitious business name for Owner Management Service, LLC.

    7.    These companies were all controlled by the defendants and eventually operated from 20960 Knapp Street, Chatsworth, within the Central District of California. These companies are collectively referred to herein as "the OMS Companies."

DEFINITIONS

    8.    As used in this Indictment, the term "short sale" refers to the sale of real estate property for an amount less than the balance owed on the mortgage loan for the property. A short sale often occurs when a borrower cannot pay the mortgage loan on the borrower's property and the property is worth less than the balance owed on the mortgage, but the borrower and mortgage holder decide that selling the property at a loss is better than foreclosure.

    9.    As used in this Indictment, the term "distressed homeowners" means homeowners who were having difficulty making

1   mortgage payments on, and who were facing foreclosure on, their

2   properties.  The term "distressed properties" refers to the

3   properties of the distressed homeowners.

4       FINANCIAL INSTITUTIONS

5       10.  Wells Fargo Bank, N.A. was a federally chartered

6   financial institution, the deposits of which were insured by the

7   Federal Deposit Insurance Corporation ("FDIC"). Wells Fargo Home

8   Mortgage, Inc. ("Wells Fargo Home Mortgage"), doing business as

9   America's Servicing Company, was a wholly owned subsidiary of

10  Wells Fargo Bank. Wells Fargo Home Mortgage and America's

11  Servicing Company were mortgage lending businesses which funded

12  and serviced mortgage loans for properties in the Central

13  District of California and elsewhere. At all relevant times,

14  Wells Fargo Bank, Wells Fargo Home Mortgage, and America's

15  Servicing Company were "financial institutions" as defined in

16  Title 18, United States Code, Sections 20(1) and 20(10).

17      11.  Citibank, N.A. ("Citibank"), was a federally chartered

18  financial institution, the deposits of which were insured by the

19  FDIC. CitiMortgage, Inc. ("CitiMortgage"), was a wholly owned

20  subsidiary of Citibank, N.A. CitiMortgage was a mortgage lending

21  business which funded and serviced mortgage loans for properties

22  in the Central District of California and elsewhere. At all

23  relevant times, Citibank and CitiMortgage were "financial

24  institutions" as defined in Title 18, United States Code,

25  Sections 20(1) and 20(10).

26      12.  American Home Mortgage Servicing, Inc. ("AHMSI"),

27  later renamed Homeward Residential, Inc., and thereafter

28  acquired by Ocwen Financial Corporation, was a mortgage lending

1   business, that is, an organization which finances and refinances

2   debt secured by an interest in real estate. At all relevant

3   times, AHMSI was a financial institution as defined in Title 18,

4   United States Code, Section 20(10), which funded and serviced

5   mortgage loans for properties in the Central District of

6   California and elsewhere.

7       13.   Washington Mutual, N.A. ("WaMu"), at times doing

8   business as Washington Mutual Bank, was a federally chartered

9   financial institution, the deposits of which were insured by the

10  FDIC, which thereafter was acquired by JPMorgan Chase Bank, N.A.

11  ("JPMorgan Chase"), which also was a federally chartered

12  financial institution, the deposits of which were insured by the

13  FDIC. At all relevant times, WaMu and JPMorgan Chase were

14  "financial institutions" as defined in Title 18, United States

15  Code, Section 20(1). WaMu and JPMorgan Chase funded mortgage

16  loans for properties in the Central District of California and

17  elsewhere.

18      PROPERTIES

19      14.   The property at 13243 Bryson Street, Arleta,

20  California ("the Bryson Street property") is located within the

21  Central District of California and was a distressed property

22  taken over by the OMS Companies. The conspirators, acting

23  through the OMS Companies, leased the Bryson Street property to

24  third parties and collected rent.

25      15.   The property at 10454 Willowbrae Avenue, Chatsworth,

26  California ("the Willowbrae Avenue property") is located within

27  the Central District of California. It was a distressed property

28  taken over by the OMS Companies. The conspirators, acting

8

through the OMS Companies, leased the property to third parties and collected rent.

16.   The property at 6501 Radford Avenue, North Hollywood, California ("the Radford Avenue property"), is located within the Central District of California. It was a distressed property taken over by the OMS Companies. The conspirators, acting through the OMS Companies, leased the property to third parties and collected rent.

17.   The property at 20101 Halsted St., Chatsworth, California ("the Halsted Street property"), is located within the Central District of California. It was a distressed property taken over by the OMS Companies. The conspirators, acting through the OMS Companies, leased the property to third parties and collected rent.

18.   The property at 10415 Monogram Avenue, Granada Hills, California ("the Monogram Avenue property"), is located within the Central District of California. It was a distressed property taken over by the OMS Companies. The conspirators, acting through the OMS Companies, leased the property to third parties and collected rent.

B.   THE OBJECTS OF THE CONSPIRACY

19.   Beginning in or around January 2005, and continuing to in or around August 6, 2014, within the Central District of California and elsewhere, defendants DOROTHY MATSUBA, YOUNG PARK, JANE MATSUBA, JAMIE MATSUBA, and THOMAS MATSUBA, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offenses against the United States:

1    (a) wire fraud, that is to knowingly and with intent to
2  defraud, devise, and intend to devise, a scheme and artifice to
3  defraud, and to obtain money and property, by means of
4  materially false and fraudulent pretenses, representations, and
5  promises, and to transmit and caused to be transmitted, through
6  the use of interstate wires, any writing, sign, signal, picture
7  or sound for the purpose of executing such scheme, in violation
8  of Title 18, United States Code, Section 1343;

9    (b) to knowingly make false statements or reports in
10 connection with loan applications, including any modification,
11 extension, or deferment thereof, for the purpose of influencing
12 the actions of institutions the accounts of which were then
13 insured by the Federal Deposit Insurance Corporation ("FDIC")
14 and for the purpose of influencing the actions of mortgage
15 lending businesses, in violation of Title 18, United States
16 Code, Section 1014; and

17   (c) identity theft, that is to knowingly possess with
18 intent to use unlawfully and transfer unlawfully five or more
19 identification documents not issued lawfully for the defendants'
20 use, authentication features, and false identification
21 documents, namely, both real and false California driver's
22 licenses, social security cards, and authentication features
23 found therein and elsewhere, such identification documents,
24 false identification documents, and authentication features
25 which appeared to have been issued by and under the authority of
26 the United States, in violation of Title 18, United States Code,
27 Section 1028(a)(3).

28

C.   THE MANNER AND MEANS OF THE CONSPIRACY

20.   The objects of the conspiracy were to be carried out and were carried out, in substance, as follows:

21.   Through the OMS Companies, defendants DOROTHY MATSUBA, YOUNG PARK, and other co-conspirators sought to identify distressed homeowners.

22.   Defendants DOROTHY MATSUBA, YOUNG PARK, and other co-conspirators misrepresented to the distressed homeowners that they would perform a short sale and thus avoid foreclosure on the distressed properties. Based on those misrepresentations, the distressed homeowners transferred title for the distressed properties to trusts and companies the conspirators controlled.

23.   Instead of performing short sales as represented, defendants DOROTHY MATSUBA, YOUNG PARK, JANE MATSUBA, JAMIE MATSUBA, THOMAS MATSUBA, and co-conspirators leased the distressed properties to third parties and to other distressed homeowners, collected the rent, and failed to make timely mortgage payments on the distressed properties.

24.   Defendants DOROTHY MATSUBA and YOUNG PARK arranged for the OMS Companies to purchase identification documents, false identification documents, and authentication features, including California driver's licenses and social security cards, for the purpose of using the identities to mislead the mortgage lenders about the distressed properties.

25.   In exchange for compensation, co-conspirators assisted in the creation of false identification documents and transmitted copies of those and other materials, including more than five identification documents, false identification

11

documents, and authentication features therein and elsewhere, to
defendants DOROTHY MATSUBA and YOUNG PARK.

26. Both false and real identification documents purchased
were, or appeared to be, issued by and under the authority of
the California Department of Motor Vehicles, the United States'
Social Security Administration, and other such issuing
authorities, and defendants DOROTHY MATSUBA and YOUNG PARK knew
as much. Likewise, defendants THOMAS MATSUBA and JANE MATSUBA
were made aware that their co-conspirators and the OMS Companies
possessed the aforementioned materials, and thereafter,
knowingly and jointly possessed them.

27. To perpetuate the conspiracy, the conspirators also
engaged in various deceptive tactics designed to delay
foreclosure on the distressed properties so the conspirators
could continue collecting rent. These tactics included:

a. fabricating short sale purchase offers for the
distressed properties, including using stolen and fictitious
identities, and fictitious hardship letters, and submitting
those fabricated purchase offers, in most instances by wire,
that is, facsimile communication, in interstate commerce, to
financial institutions which acted as lenders and servicers;

b. falsifying financial and tax statements for the
distressed homeowners, including by forging the homeowners'
signatures, and submitting those documents, in most instances by
wire, that is, facsimile communication, in interstate commerce,
to financial institutions acting as lenders and servicers;

c. filing bankruptcy petitions for the distressed
homeowners, sometimes without their knowledge, including by

12

forging the distressed homeowners' signatures on the petitions and giving notice of such filings to the financial institutions acting as lenders and servicers;

        d.   filing fabricated and fictitious liens on the distressed properties; and

        e.   obtaining mortgage loans in the names of stolen identities for the purchase of distressed properties.

    28.  The conspirators caused payments to be made to themselves and the OMS Companies from the proceeds of the scheme, including tens of millions of dollars in rental income from the distressed properties, collected at the expense of the financial institutions and financially distressed homeowners.

    29.  As a result of such deceptive tactics, the conspirators defrauded the distressed homeowners, in many cases ruining their credit history, and financial institutions, which were intentionally exposed to new and increased risk of loss and increased administrative costs.

D.    <u>OVERT ACTS</u>

    30.  In furtherance of the conspiracy and to accomplish its objects, defendants DOROTHY MATSUBA, YOUNG PARK, JANE MATSUBA, JAMIE MATSUBA, and THOMAS MATSUBA, and other co-conspirators known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

    <u>Overt Act No. 1</u>:  On or about April 2, 2007, defendants DOROTHY MATSUBA, JAMIE MATSUBA, and THOMAS MATSUBA transferred and caused to be transferred, the Monogram Avenue property to a trust controlled by the conspirators.

Overt Act No. 2:  On or about June 25, 2007, defendants DOROTHY MATSUBA, YOUNG PARK, and THOMAS MATSUBA, submitted and caused to be submitted, a false application to WaMu for a mortgage loan, financing the purchase of the Monogram Avenue property in the name of stolen identity S.Y.Y.

Overt Act No. 3:  On or about June 26, 2009, defendants DOROTHY MATSUBA, JANE MATSUBA, and JAMIE MATSUBA, submitted and caused to be submitted, a fraudulent short sale purchase offer for the Halsted Street property and related documents to AHMSI in the name of stolen identity A.G., accompanied by fraudulent financial hardship statements and other misrepresentations.

Overt Act No. 4:  On or about December 11, 2009, defendant DOROTHY MATSUBA wrote a check in the amount of $11,075.00 from a Wells Fargo bank account for Bill Pay Service, an OMS Company, account number xxxxxx2050, to OMS employee C.L.

Overt Act No. 5:  On or about December 12, 2009, defendants DOROTHY MATSUBA and THOMAS MATSUBA caused OMS employee C.L. to purchase a cashier's check payable to defendant THOMAS MATSUBA in the amount of $11,075.00.

Overt Act No. 6:  On or about December 17, 2009, defendant THOMAS MATSUBA deposited the cashier's check in the amount of $11,075.00 into a Wells Fargo bank account in the name of defendants DOROTHY MATSUBA, JAMIE MATSUBA, and THOMAS MATSUBA, account number xxxxxx8059.

Overt Act No. 7:  On or about March 25, 2010, defendant DOROTHY MATSUBA caused the submission of a fraudulent loan modification request and related documents for the Halsted Street property to AHMSI, including a falsified "Andex, Inc."

1  pay stub and containing false statements regarding her
2  unemployment and financial hardship.
3      Overt Act No. 8:  On or about August 24, 2010, defendants
4  DOROTHY MATSUBA and JANE MATSUBA submitted, and caused to be
5  submitted, a fraudulent short sale purchase offer and related
6  documents for the Halsted Street property to AHMSI in the name
7  of fabricated identity J.A.
8      Overt Act No. 9:  On or about June 22, 2011, defendants
9  DOROTHY MATSUBA and JANE MATSUBA caused a false short sale
10  purchase offer and related documents for the Bryson Street
11  property to be submitted in the name of stolen identity S.M.L.
12  to Wells Fargo dba America's Servicing Company to delay
13  foreclosure on the Bryson Street property.
14      Overt Act No. 10:  On or about September 8, 2011,
15  defendants DOROTHY MATSUBA and JANE MATSUBA caused a false short
16  sale purchase offer Addendum on behalf of distressed homeowner
17  J.V. and stolen identity S.M.L. to be submitted to Wells Fargo,
18  dba America's Servicing Company, featuring forged signatures of
19  J.V. and S.M.L., to delay foreclosure on the Bryson Street
20  property.
21      Overt Act No. 11:  On or about April 1, 2013, defendants
22  DOROTHY MATSUBA and JANE MATSUBA caused a false short sale
23  purchase offer and related documents in the name of E.D., and
24  short sale application in the name of stolen identity J.H., to
25  be transmitted via facsimile to CitiMortgage, located in
26  O'Fallon, Missouri, to delay foreclosure on the Radford Avenue
27  property.
28

1      Overt Act No. 12:  On or about April 1, 2013, defendant

2  DOROTHY MATSUBA submitted false hardship documents in the name

3  of stolen identity J.H. via facsimile to CitiMortgage, located

4  in O'Fallon, Missouri, to delay foreclosure on the Radford

5  Avenue property.

6      Overt Act No. 13:  On or about April 1, 2013, purportedly

7  on behalf of stolen identity J.H., and through the OMS

8  companies, defendant DOROTHY MATSUBA caused hardship

9  documentation to be submitted to CitiMortgage in support of a

10  fraudulent short sale application in the name of E.D. to delay

11  foreclosure on the Radford Avenue property.

12      Overt Act No. 14:  On or about December 2, 2013, co-

13  conspirators prepared and submitted a false short sale purchase

14  offer and related documents in the name of K.G. via facsimile to

15  CitiMortgage, located in O'Fallon, Missouri, to delay

16  foreclosure on the Willowbrae Avenue property.

17      Overt Act No. 15:  On or about January 6, 2014, a co-

18  conspirator fabricated a Real Estate Loan Pre-Approval Letter

19  for K.G., falsely stating that K.G. had been preapproved for a

20  loan, to delay foreclosure on the Willowbrae Avenue property.

21      Overt Act No. 16:  On or about February 17, 2014, through

22  the OMS Companies' legal counsel, purportedly on behalf of the

23  trustee to a trust to which stolen identity S.M.L. had

24  transferred the Willowbrae Avenue property, defendant DOROTHY

25  MATSUBA caused a letter to be transmitted to CitiMortgage

26  seeking to delay foreclosure on the Willowbrae Avenue property.

27      Overt Act No. 17:  On February 18, 2014, defendant DOROTHY

28  MATSUBA caused a letter to be faxed to CitiMortgage demanding,

1  by threat of TRO proceedings, that the bank refrain from

2  carrying out the planned foreclosure sale of the Willowbrae

3  property.

4      Overt Act No. 18:  On or about February 20, 2014, defendant

5  DOROTHY MATSUBA caused to be filed a false and forged

6  "Declaration of S.M.L.," together with false assertion of legal

7  representation, in California Superior Court, Los Angeles

8  County, in support of an application for a temporary restraining

9  order and injunctive relief and further caused the same to be

10  served on CitiMortgage in order to delay foreclosure on the

11  Willowbrae Avenue property.

12      Overt Act No. 19:  On or about April 3, 2014, defendant

13  DOROTHY MATSUBA caused a Loan Modification Request and related

14  documents in the name of distressed homeowner J.V., featuring

15  forged signatures and including a fabricated tax return, to be

16  submitted via facsimile to Wells Fargo Home Mortgage, dba

17  America's Servicing Company, located in Des Moines, Iowa in

18  order to delay foreclosure on the Bryson Street property.

19      Overt Act No. 20:  On or about May 7, 2014, defendant

20  DOROTHY MATSUBA caused to be filed a false and forged

21  "Supplemental Declaration of S.M.L.," together with false

22  assertion of legal representation, in California Superior Court,

23  Los Angeles County, in support of an application for a temporary

24  restraining order and injunctive relief and further caused the

25  same to be served on CitiMortgage in order to delay foreclosure

26  on the Willowbrae Avenue property.

27      Overt Act No. 21:  On or about August 6, 2014, in response

28  to federal law enforcement questions about California driver's

1    licenses seized from the OMS Companies' office space at 20960
2    Knapp Street, Chatsworth, California, defendant DOROTHY MATSUBA
3    made false statements to the effect that defendant YOUNG PARK
4    had found the licenses in a vacated home.

COUNTS TWO THROUGH SIX

[18 U.S.C. §§ 1343, 2]

31. The Grand Jury hereby incorporates by reference and realleges paragraphs 1-18 and 21-30 as though fully set forth herein.

A.   THE FRAUDULENT SCHEME

32. Beginning in or around 2008, and continuing through at least in or about 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants DOROTHY MATSUBA and JANE MATSUBA, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with intent to defraud, devised and intended to devise, a scheme and artifice to defraud financial institutions, including mortgage lending businesses and servicers, and distressed homeowners, and to obtain money and property from financial institutions, including mortgage lending businesses, and distressed homeowners, by means of materially false and fraudulent pretenses, representations, and promises.

33. The fraudulent scheme was carried out, in substance, as described in paragraphs 21-30 of this Indictment.

B.   USE OF THE WIRES

34. On or about the dates set forth below, within the Central District of California and elsewhere, the defendants named below, for the purpose of executing and attempting to execute the above-described scheme to defraud, each aiding and abetting the other, transmitted and caused to be transmitted the following items by means of wire communication in interstate commerce:

19

| COUNT | DEFENDANTS | DATE | ITEM WIRED |
|---|---|---|---|
| TWO | DOROTHY MATSUBA and JANE MATSUBA | 9/8/11 | False short sale purchase offer and related documents for the Bryson Street property submitted in the name of S.M.L. via facsimile, from the Central District of California, to Wells Fargo Home Mortgage, dba America's Servicing Company, located in Des Moines, Iowa |
| THREE | DOROTHY MATSUBA | 4/3/14 | Loan modification request for the Bryson Street property and related documents prepared without J.V.'s authorization, featuring forged signatures and including fabricated tax return, submitted via facsimile from the Central District of California to Wells Fargo Home Mortgage, dba America's Servicing Company, located in Des Moines, Iowa |
| FOUR | DOROTHY MATSUBA | 12/2/13 | False short sale purchase offer for the Willowbrae Avenue property and related hardship assistance documents submitted in the names of K.G. and stolen identity S.M.L. via facsimile from the Central District of California to CitiMortgage, located in O'Fallon, Missouri |

| COUNT | DEFENDANTS | DATE | ITEM WIRED |
|-------|-----------|------|-----------|
| FIVE | DOROTHY MATSUBA | 4/1/13 | False short sale purchase offer for the Radford Avenue property and related documents in the names of E.D. a fictitious person and J.H., a stolen identity, transmitted via facsimile from the Central District of California to CitiMortgage, located in O'Fallon, Missouri |
| SIX | DOROTHY MATSUBA | 4/10/13 | False hardship letters in connection with the Radford Avenue property in the name of J.H., a stolen identity, transmitted via facsimile from the Central District of California to CitiMortgage, located in O'Fallon, Missouri |

COUNTS SEVEN AND EIGHT

[18 U.S.C. §§ 1014, 2]

35.   The Grand Jury hereby incorporates by reference and realleges paragraphs 1-18 of this Indictment as though fully set forth herein.

36.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant DOROTHY MATSUBA, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly submitted and willfully caused to be submitted, on behalf of stolen identity S.M.L., the following false statements, documents, and reports related to the Willowbrae property, for the purpose of influencing the actions of CitiMortgage, a mortgage lending business, in connection with residential loan applications and any change, extension, or deferment thereto:

| COUNT | DATE | FALSE STATEMENT |
|-------|------|-----------------|
| SEVEN | 2/20/14 | False and forged "Declaration of S.M.L.," in name of stolen identity S.M.L., together with false assertion of legal representation, filed in California Superior Court, Los Angeles County, in support of an application for a temporary restraining order and injunctive relief related to the Willowbrae property, and concurrently served on CitiMortgage |

| COUNT | DATE | FALSE STATEMENT |
|-------|------|-----------------|
| EIGHT | 5/7/14 | False and forged "Supplemental Declaration of S.M.L.," in name of stolen identity S.M.L., together with false assertion of legal representation, filed in California Superior Court, Los Angeles County, in support of an application for a temporary restraining order and injunctive relief related to the Willowbrae property, and concurrently served on CitiMortgage |

COUNTS NINE THROUGH ELEVEN

[18 U.S.C. §§ 1014, 2]

37.   The Grand Jury hereby incorporates by reference and realleges paragraphs 1-18 of this Indictment as though fully set forth herein.

38.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, the defendants named below, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly submitted and willfully caused to be submitted, on behalf of the false and stolen identities A.G. and J.A., the following false statements, documents, and reports related to the Halsted Street property, for the purpose of influencing the actions of AHSMI, a mortgage lending business, in connection with residential loan applications, and any change, extension, or deferment thereto:

| COUNT | DEFENDANT | DATE | FALSE STATEMENT |
|-------|-----------|------|-----------------|
| NINE | DOROTHY MATSUBA, JANE MATSUBA, and JAMIE MATSUBA | 6/26/09 | False short sale purchase offer for the Halsted Street property and related documents, including false statements regarding unemployment and financial hardship, submitted to AHMSI in the name of stolen identity A.G. |
| TEN | DOROTHY MATSUBA | 3/25/10 | False loan modification request for the Halsted Street property and related documents, including fabricated "Andex, Inc." pay stub and false statements regarding unemployment and financial hardship, submitted to AHMSI |

24

| COUNT | DEFENDANT | DATE | FALSE STATEMENT |
|-------|-----------|------|-----------------|
| ELEVEN | DOROTHY MATSUBA and JANE MATSUBA | 8/24/10 | False short sale purchase offer for the Halsted Street property and related documents, including false statements regarding unemployment and financial hardship, submitted to AHMSI in the name of fabricated identity J.A. |

1

COUNT TWELVE

2

[18 U.S.C. §§ 1014, 2]

3      39.   The Grand Jury hereby incorporates by reference and

4  realleges paragraphs 1-18 of this Indictment as if fully set

5  forth herein.

6      40.   On or about June 25, 2007, in Los Angeles County,

7  within the Central District of California, and elsewhere,

8  defendants DOROTHY MATSUBA, THOMAS MATSUBA, and YOUNG PARK,

9  together with others known and unknown to the Grand Jury, aiding

10  and abetting each other, knowingly submitted and willfully

11  caused to be submitted, on behalf of stolen identity S.Y.Y., a

12  false mortgage loan application related to the Monogram Avenue

13  property, for the purpose of influencing the actions of WaMu, an

14  institution the accounts of which were then insured by the

15  Federal Deposit Insurance Corporation, in connection with a

16  residential loan application and any change, extension, or

17  deferment thereto.

18

19

20

21

22

23

24

25

26

27

28

COUNTS THIRTEEN THROUGH EIGHTEEN

[18 U.S.C. §§ 1028A(a)(1), 2]

41.   The Grand Jury hereby incorporates by reference and realleges paragraphs 1-18 of this Indictment as if fully set forth herein.

42.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendants DOROTHY MATSUBA and JANE MATSUBA, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowing that the means of identification belonged to another person, knowingly transferred, possessed, and used, without lawful and legal authority, and willfully caused to be transferred, possessed, and used, without lawful and legal authority, the following means of identification of another person during and in relation to the following felony violations charged in the counts of this Indictment identified below:

| COUNT | DEFENDANTS | DATE | MEANS OF IDENTIFICATION | RELATED FELONY VIOLATION |
|---|---|---|---|---|
| THIRTEEN | DOROTHY MATSUBA and JANE MATSUBA | 9/8/11 | Name and Signature of S.M.L. | Wire Fraud (Count TWO) |
| FOURTEEN | DOROTHY MATSUBA | 12/2/13 | Name, Social Security Number, and Signature of S.M.L. | Wire Fraud (Count FOUR) |

| COUNT | DEFENDANTS | DATE | MEANS OF IDENTIFICATION | RELATED FELONY VIOLATION |
|---|---|---|---|---|
| FIFTEEN | DOROTHY MATSUBA | 4/1/13 | Name, Social Security Number, and Signature of J.H. | Wire Fraud (Count FIVE) |
| SIXTEEN | DOROTHY MATSUBA | 4/10/13 | Name and Signature of J.H. | Wire Fraud (Count SIX) |
| SEVENTEEN | DOROTHY MATSUBA | 2/20/14 | Name and Signature of S.M.L. | False Statement (Count SEVEN) |
| EIGHTEEN | DOROTHY MATSUBA | 5/7/14 | Name and Signature of S.M.L. | False Statement (Count EIGHT) |

CRIMINAL FORFEITURE ALLEGATIONS

[18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5)
and 28 U.S.C. § 2461(c)]

43.   The allegations contained in Counts ONE through TWELVE
of this Indictment are hereby realleged and incorporated by
reference for the purpose of alleging forfeiture pursuant to
Title 18, United States Code, Section 981(a)(1)(C), Title 18,
United States Code, Section 982(a)(2), Title 18, United States
Code, Section 1028(b)(5), and Title 28, United States Code,
Section 2461(c).

44.   Upon conviction of the first object of the conspiracy
alleged in Count One of the Indictment, and/or violations
alleged in Counts Two through Six of the Indictment, defendants
DOROTHY MATSUBA, YOUNG PARK, JANE MATSUBA-GARCIA, JAMIE MATSUBA,
and THOMAS MATSUBA shall forfeit to the United States of
America, pursuant to Title 18, United States Code, Section
981(a)(1)(C) and Title 28, United States Code, Section 2461(c),
all of their interest in any property constituting or derived
from proceeds obtained directly or indirectly as a result of the
said violations.

45.   Upon conviction of the second object of the conspiracy
alleged in Count One of the Indictment, and/or the violations
alleged in Counts Seven through Twelve of the Indictment,
defendants DOROTHY MATSUBA, YOUNG PARK, JANE MATSUBA-GARCIA,
JAMIE MATSUBA, and THOMAS MATSUBA, shall forfeit to the United
States of America, pursuant to Title 18, United States Code,
Section 982(a)(2)(B), any and all right, title, and interest

1  they have in any property constituting, or derived from,

2  proceeds the person obtained directly or indirectly, as a result

3  of such violations.

4      46.   Upon conviction of the third object of the conspiracy

5  alleged in Count One of the Indictment, defendants DOROTHY

6  MATSUBA, YOUNG PARK, JANE MATSUBA-GARCIA, JAMIE MATSUBA, and

7  THOMAS MATSUBA, shall forfeit to the United States of America,

8  pursuant to Title 18, United States Code, Section 982(a)(2)(B),

9  any and all right, title, and interest they have in any property

10 constituting or derived from, proceeds the person obtained

11 directly or indirectly, as a result of such violations and

12 pursuant to Title 18, United States Code, Section 1028(b)(5) any

13 personal property used or intended to be used to commit the

14 offense.

15     47.   If any of the property described above, as a result of

16 any act or omission of defendants DOROTHY MATSUBA, YOUNG PARK,

17 JANE MATSUBA-GARCIA, JAMIE MATSUBA, and THOMAS MATSUBA:

18          a. Cannot be located upon the exercise of due diligence;

19          b. Has been transferred or sold to, or deposited with, a

20             third party;

21          c. Has been placed beyond the jurisdiction of the court;

22          d. Has been substantially diminished in value; or

23          e. Has been commingled with other property which cannot

24             be divided without difficulty;

25 It is the intent of the United States, pursuant to Title 21,

26 United States Code, Section 853(p), as incorporated by Title 18,

27 United States Code, Sections 982(b)(1) and 1028(g), and Title

28 28, United States Code, Section 2461(c), to seek the forfeiture

1  of any other property of defendants DOROTHY MATSUBA, YOUNG PARK,

2  JANE MATSUBA-GARCIA, JAMIE MATSUBA, and THOMAS MATSUBA up to the

3  value of the above forfeitable property and obtain a money

4  judgment in an amount equal to the value of the property

5  involved in the violation.

6

7                                          A TRUE BILL

8

9                                          /s/
                                           _____
                                           Foreperson

10

11  EILEEN M. DECKER
    United States Attorney
12  Central District of California

13

14

15  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
16  Chief, Criminal Division

17  GEORGE S. CARDONA
    Assistant United States Attorney
18  Chief, Major Frauds Section

19

20  ANDREW WEISSMANN
    Chief
21  U.S. Department of Justice
    Criminal Division, Fraud Section
22

23

24

25  NIALL M. O'DONNELL
    DAVID A. BYBEE
26  Trial Attorneys
    U.S. Department of Justice
27  Criminal Division, Fraud Section

28