1  H. Dean Steward  SBN 85317
2  17 Corporate Plaza Drive, Ste. 254
   Newport Beach, CA 92660
3  949-481-4900
4  deansteward7777@gmail.com

5
6  Attorney for Defendant
   JAMIE MATSUBA
7
8
9                UNITED STATES DISTRICT COURT
10
11               CENTRAL DISTRICT OF CALIFORNIA
12

| UNITED STATES, | Case No. CR-16-538-RGK |
|---|---|
| Plaintiff, | MOTION FOR ORDER RE: REDUCTION IN SENTENCE- FEDERAL SENTENCING GUIDELINES §4C1.1; 18 USC §3582(c)(2); DECLARATION OF COUNSEL; [Proposed] ORDER DATE: January 16, 2024 TIME: 1:30 PM |
| vs. | |
| JAMIE MATSUBA, | |
| Defendant. | |

Comes now defendant Jamie Matsuba, together with counsel, and moves this Honorable Court for an order amending her Judgment and Commitment order to reduce the custody from sentence of 135 months to a sentence of 108 months, pursuant to the newly effect and retroactive Sentencing Guideline §4C1.1 and 18 USC §3582(c)(2). Said motion is based on the attached points and authorities, declaration of

/

- 1 -

counsel, the Pre-Sentence Report herein and the attached declaration of counsel.

Dated: Dec. 5, 2023       /s./ H. Dean Steward
                          H. Dean Steward
                          Counsel for Defendant
                          Jamie Matsuba

POINTS AND AUTHORITIES

## I. Introduction

Ms. Matsuba was convicted after trial of counts one and nine of the then-pending indictment. These counts alleged conspiracy and false statement in a loan application. (Judgment and Commitment order docket #294, p. 1).

At sentencing, this Court found her to be at level 33, Guideline range of 135 to 168 months, then sentenced her to 135 months. (Reporter's transcript 7-16-2018, p. 13).

## II. Change in the Guidelines

In May of 2023, the U.S. Sentencing Commission set out amendments and updates to the Sentencing Guidelines. Those updates took effect on Nov. 1, 2023. Important to this motion is the new §4C1.1, commonly known as the Zero Point Reduction. Under this newly changed Guideline, a defendant who has no criminal history points at all receives an extra two-level reduction. Ms. Matsuba had zero criminal history points at the time she was sentenced. (Revised PSR, docket #228, p. 16). There are a number of exceptions to the zero point reduction change, outlined at § 4C1.1(a)(2)-(10). None of these apply to Ms. Matsuba.

Ms. Matsuba bases her Motion on 18 U.S.C. § 3582(c)(2), which (subject to various conditions) authorizes a federal court to "reduce [a defendant's] term of imprisonment" if the court based that sentence "on a sentencing range that has

subsequently been lowered by the Sentencing Commission." Section 3582(c)(2) thereby lets defendants benefit from intervening amendments to the Sentencing Guidelines by giving them "the sentence [they] would have received if the revised Guidelines had applied at the time of [their] sentencing." i.e. *U.S. v. Lopez*, 989 F.3d 327, 338 (5th Cir. 2021).

The reasoning for this change was set out by the Commission. See U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010. Among other findings, the report concluded that "zero-point offenders" were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category.

**III. Retroactivity**

Amendment 821 of the Sentencing Guidelines provides for retroactivity if certain conditions are met.

AMENDMENT: RETROACTIVE APPLICATION OF PARTS A AND B, SUBPART 1 OF AMENDMENT 821
Synopsis of Amendment: This amendment provides for the retroactive application of Parts A and B, Subpart 1 of Amendment 821, subject to a special instruction. Section 3582(c)(2) of title 18, United States Code, provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Sentencing Commission Synopsis of Amend 821*

The factors under 18 USC §3553 were and are strong for Ms. Matsuba. They include:

1. Ms. Matsuba made a full, complete and truthful debrief well before trial- Defendant participated in two detailed proffer sessions with the government, fully cooperating. The only thing preventing a plea was the loss issue, which the Court may recall was the subject of a great deal of litigation.

2. A conniving and controlling mother- Ms. Matsuba's mother Dorothy was the driving force, the organizer, the creator and pusher of the scheme charged. Jamie Matsuba, while culpable and at fault for her actions, was prodded by her mother at every turn.

3. Health- Ms. Matsuba experiences significant spinal pain every day since she was incarcerated in 2019. Medical staff at FCI Victorville is of little to no help.

4. Spotless record while in custody at FCI Victorville- In the 4+ years of custody at Victorville, Ms. Matsuba has had no incidents or "write ups" by staff. She has complied with all rules and regulations of the Bureau of Prisons.

5. Education and programming- Ms. Matsuba has completed an apprenticeship in Safety Procedures and has completed a course in Serve-Safe and Baking. She has worked at the FCI in Inmate Safety and now in the Trust section of the facility. She has taken dozens of classes and currently is a tutor for women

preparing to take their GED exam. In short, her behavior and performance at the FCI has been exemplary.

6. The defendant is not a danger to the public, and she has no prior criminal record, no history of violence or reckless, dangerous, or violent behavior.

## IV. Effective Date

Pursuant to Sentencing Commission Amendment 821, the change went into effect on Nov. 1, 2023, but inmates are not eligible for the reduction until Feb. 1, 2024. Effective February 1, 2024, § 4C1.1 will permit a two-level reduction for defendants without criminal history points from Chapter Four, Part A and an instant offense without specific aggravating factors. *United States Sentencing Commission, U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities*, https://www.ussc.gov/about/news/press-releases/august-24-2023 . The proposed order attached reflects this date restriction.

## V. Hearing

Ms. Matsuba requests a hearing on this motion. She wishes, however, to waive her presence and counsel will be filing shortly has waiver form. To leave the FCI at this point would set her back in her programming and classes.

## VI. Conclusion

Defendant requests a reduction in her custody sentence to 108 months. This request is based upon the facts and law set out above, is reasonable given all the factors

surrounding Ms. Matsuba, and would take effect on February 1, 2024, pursuant to the Guidelines dictates.

Dated: Dec. 5, 2023        /s./ H. Dean Steward
                                            H. Dean Steward
                                            Counsel for Defendant
                                            Jamie Matsuba

**DECLARATION OF COUNSEL**

I, H. Dean Steward, declare:

1. I was formerly retained counsel for Ms. Matsuba and am now pro bono counsel. I make this declaration in support of her request for deduction in her custody sentence under the new Zero Point Reduction section of the Guidelines.

2. The statements in the attached motion are true and correct, to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Dec. 5, 2023        /s./ H. Dean Steward
                           H. Dean Steward
                           Counsel for Defendant
                           Jamie Matsuba

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza Drive, Suite 254, Newport Beach, CA 92660.  I am not a party to the above entitled action. I have caused, on Dec. 5, 2023, service of the defendant's:

**MOTION FOR REDUCTION OF SENTENCE**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA'S  DAVID BYBEE, NIALL O'DONNELL & JENNIFER FARER**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on DEC. 5, 2023

/s./ H. Dean Steward

H. Dean Steward